Colin Mulholland, Esq.
36-36 33rd Street, Ste. 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALAN OMAR PEREZ,

*Plaintiff*,

-against-

4519 28TH AVE CORP. D/B/A PRONTO
PIZZERIA and GIUSEPPE CICCOTTA.

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
**Case No.: 23-cv-5910**

ALAN OMAR PEREZ ("Plaintiff") by and through his attorney, Colin Mulholland, Esq.,

and as against, GIUSEPPE CICCOTTA and 4519 28TH AVE CORP. D/B/A PRONTO

PIZZERIA ("Defendant"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.     Plaintiff is a former employee of 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA

owned and operated by the Defendant GIUSEPPE CICCOTTA.

2.     Plaintiff was employed by Defendants as a prep cook and delivery person at 45-19 28th

Ave Queens, NY 11103.

3.     At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40

hours per week, without appropriate overtime compensation for the hours she worked each week.

4.     Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the

Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y.

Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the

New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (herein

1

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

7.     Plaintiff ALAN OMAR PEREZ ("Plaintiff PEREZ") is an adult individual residing in Queens County, New York. Plaintiff PEREZ was employed by Defendants at 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA from 2019 until approximately May 2022.

8.     4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 45-19 28th Ave Queens, NY 11103.

9.     Defendant GIUSEPPE CICCOTTA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

10.     Defendant GIUSEPPE CICCOTTA is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

11.     Defendant GIUSEPPE CICCOTTA possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

12.     Defendant GIUSEPPE CICCOTTA is the 100% owner of 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA and the president of the corporation. It is a closely held entity.

13.     Defendant GIUSEPPE CICCOTTA had the power to hire and fire employees at 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA including Plaintiff.

14.     Defendant GIUSEPPE CICCOTTA had the final word on all business decisions at 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA including the hiring of management.

15.     Defendant GIUSEPPE CICCOTTA reviewed and controlled the financial records at 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA including payroll records and documents recording Plaintiff's wages and hours worked.

16.     Defendant GIUSEPPE CICCOTTA had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA and in fact did so.

17.     Defendant GIUSEPPE CICCOTTA hired and fired employees, including Plaintiff.

18.     Defendant GIUSEPPE CICCOTTA issued pay to Plaintiff.

19.     Defendant GIUSEPPE CICCOTTA set Plaintiff's pay rate and working hours.

20.     Defendant GIUSEPPE CICCOTTA had the exclusive power to enter into executory contracts on behalf of the business including but not limited to the lease and contractors with vendors.

21.     Defendant GIUSEPPE CICCOTTA determined the rates of pay of employees and dictated other terms of their employment at 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA.

22.     Defendant GIUSEPPE CICCOTTA willfully and maliciously implemented and ratified the pay practices alleged in this lawsuit through his managers who implemented his policies.

23.     Defendant GIUSEPPE CICCOTTA willfully and maliciously attempted to thwart Plaintiff's ability to vindicate his rights under federal and state labor laws by directing his managers to pay Plaintiff in a mixture of cash in order to hide a paper trail of the violations.

## FACTUAL ALLEGATIONS

24.     Defendants are associated and joint employers, act in the interest of each other.

25.     Defendants share common operations and acted jointly in the operation of 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA.

26.     Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

27.     Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff.

29.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

30.     In each year from 2019 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     Defendants were each experienced business owners and had full knowledge of the pay and notice requirements under federal and state law.

32.     Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

33.     In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items were sold daily at 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA, such as food items, such as dough, tomatoes sauce, flour, cheese, meat, salads, desserts, juices, and alcohol and other merchandise as well as cleaning supplies and packing supplies used by staff.

34.     Defendants employed more than 11 employees at all relevant times.

*Plaintiff ALAN OMAR PEREZ*

35.     Plaintiff PEREZ was employed by Defendants at 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA in 45-19 28th Ave Queens, NY 11106 from 2019 through May 2022.

36.     Throughout his employment with defendants, Plaintiff PEREZ was employed at 4519 28TH AVE CORP. D/B/A PRONTO PIZZERIA as a prep cook and delivery person.

37.     Plaintiff PEREZ work duties required neither discretion nor independent judgment.

38.     Plaintiff PEREZ was closely supervised and directed by Defendants in the scope of his tasks.

39.     Throughout his employ, Plaintiff was required to work six days per week from 11:00 A.M. until 11:00 P.M., with typically Mondays being his day off.

40.     For the first two years his employ, Defendants paid Plaintiff a fixed weekly salary of $500.00.

41.     For the balance of his employ, Defendants paid Plaintiff a fixed weekly salary of $550.00

42.     Defendants never provided Plaintiff PEREZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

43.     Defendants failed to honor at all relevant times all of the requirements necessary to apply

the tip credit to Plaintiff's wages.

44.    Defendants failed to give the proper and lawful notices that the Defendants intended to diminish his wages based on her receipt of tips, either under the NYLL or FLSA.

45.    Defendants failed to properly monitor and properly record the amount of tips collected and distributed during the day.

46.    Defendants routinely required Plaintiff to spend more than 20% of his shift time or two hours within a day, performing non-tipped duties such as obtaining inventory, cutting vegetables and meats, preparing foods and sauces, cleaning the kitchen and dining area, storing deliveries of merchandise, inter alia.

47.    Defendants never provided Plaintiff PEREZ, a proper notice in English and in Spanish (Plaintiff PEREZ primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

48.    Defendant never issued Plaintiff spread of hours payments for shifts when Plaintiff worked over ten (10) hours in a 24-hour period.

49.    Plaintiff had complained about his pay including that it did not meet the minimum wage or overtime requirements provided by law.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

50.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51.    Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

52.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

53.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

54.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55.     At all times relevant to this action, Defendants were Plaintiff PEREZ's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff PEREZ, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

56.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

57.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

58.     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

59.     Defendants' failure to pay Plaintiff PEREZ at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

60.     Plaintiff PEREZ was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

61.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

63.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

64.     Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

65.     Plaintiff PEREZ repeats and realleges all paragraphs above as though fully set forth herein.

66.     At all times relevant to this action, Defendants were Plaintiff PEREZ employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

67.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff PEREZ less than the minimum wage.

68.     Defendants' failure to pay Plaintiff PEREZ the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

69.     Plaintiff PEREZ was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

70.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

72.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

73.     Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

74.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

76.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

77.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

78.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

79.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the overtime wage provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b)     Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)     Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA

as applicable;

(e)     Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

(g)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h)     Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i)     Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m)     Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(n)   Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(o)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)   All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
         August 3rd, 2023

By:   */s/ Colin Mulholland*          
       Colin Mulholland, Esq.
       36-36 33rd Street, Ste. 308
       Astoria, New York 11106
       Telephone: (347) 687-2019
       *Attorney for Plaintiff*

12